IN THE UNITED STATES DISTRICT COURT

Istarr Aalton
    Plaintiff

                                        Civil Action No:
                                            1:10-1259

V



Rudolph J. Murensky
Booker T. Stephens
Thomas Evans
    Defendants

## COMPLAINT

Now comes the plaintiff, Istarr Aalton, pro-se, and
hereby moves this court to enforce his right to claim
the protection of the laws, pursuant the provisions of
42 U.S.C. §1983, 1985, and 1986. Wherefore, the defendants
have engaged in a conspiracy to insulate plaintiffs' false
inprisonment from judicial review and thereby facilitate his
false inprisonment. The defendants are willfully, under color
of state law, depriving plaintiff of his 1st, 4th, 5th, 6th, 8th,
and 14th Amendment rights and are therefore violating
42 U.S.C. §1983, 1985, 1986.

## PRINCIPLE CLAIM

On the 15th day of September 2009, plaintiff filed a petition
for habeas corpus in the McDowell county circuit court.
On october 9th 2009, Judge Booker T. Stephens entered an

order appointing counsel to plaintiff and commanding the state prosecutor's office to file a response, ie, show cause why the plaintiffs petition should not be granted. On the 16th day of october 2009 judge stephens recused himself from the proceeding and transferred the case to judge rudolph J murensky.

The said judge extended the states deadline to show cause from December 9th, 2009 which was the date set by judge stephens, to february 16, 2010. The state did not show cause or interpose any filing in opposition to plaintiffs petition for habeas corpus.

On february 17, 2010, plaintiff filed a motion for default judgment pursuant rule 55 of W.VA.R.CIV.P.

The court did not respond to the motion. On september 12, 2010, plaintiff filed another motion for default judgment.

Plaintiff has also filed petitions for mandamus to compel the court to honor his 14th amendment right to due process procedure and grant his motion for default judgment, order a hearing be held, or simply grant the writ and release plaintiff from custody.

Each time plaintiff has filed a petition for mandamus the rogue attorney, thomas evans, has tried to circumvent mandamus relief by submitting bogus letters claiming that judge murensky has scheduled a hearing

for the CASE NO. 09-C-173-S. the first letter was mailed July 15, 2010 after plaintiff filed for mandamus relief. The letter states that a hearing would be held August 20, 2010. No hearing was held on that day. plaintiff thereafter filed another petition for mandamus. Then, the rogue attorney filed another bogus letter claiming that a hearing was scheduled for October 1, 2010. No hearing was held on that day.

This rogue attorney is assigned this case to cause relief to be denied plaintiff. he tried to file an amended petition in which to revise plaintiffs claims so that his petition would not state a constitutional claim. However, immediately upon recieving notification of what was done plaintiff filed a motion to strike the said document.

Due process of law requires that plaintiff be discharged upon the granting of habeas corpus relief. The state is unwilling to respond to plaintiffs petition because this essentially means that it will be forced to admit to criminal connivance. Wherefore, there is no plausible defense for their acts in falsely, and maliciously prosecuting the case against plaintiff and the use of fraud, trickery, and misrepresentation in securing a conviction. The state obtained the conviction by offering plaintiff an 8 year sentence in exchange for a guilty plea to non-aggravated robbery; but after plaintiff had served the 8 year sentence the state

In reckless disregard for plaintiffs plea agreement rights, asked the court to increase the sentence to 5-18 years. the court imposed the 5-18 year sentence without giving plaintiff any chance to object. plaintiff has been challenging these unlawful acts ever since. The defendants had been insulating the case from review because many of the frauds they practiced carry legal consequences. plaintiff was willfully subjected to double jeopardy and flagrant due process of law violations.

The only reason judge Booker T. Stephens finally chose to order a show of cause was because a federal lawsuite against him was filed. However, since then, his friend judge Irene Berger dismissed that case and he and his conspirators reverted to their lawlessness. However, because the state was ordered to show cause and has not due process requires that plaintiffs writ be granted.

## RELIEF

Plaintiff humbly prays for the court to order judge Murensky to comply with due process of law and grant plaintiffs petition for habeas corpus; or hold a hearing in habeas corpus whereas plaintiff is entitled to this declaratory and injunctive relief.

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

1STARR DALTON,

PETITIONER,

VS.        CIRCUIT COURT CIVIL ACTION NO.: 09-C-173-S
(Circuit Court Criminal Action No.: 99-JD-2-S)

DAVID BALLARD, WARDEN,
MOUNT OLIVE CORRECTIONAL
COMPLEX,

RESPONDENT.

### ORDER APPOINTING COUNSEL

Petitioner has filed with this Court a Petition for Writ of Habeas Corpus. After reviewing

Petitioner's Petition for Writ of Habeas Corpus, the Court hereby determines that Petitioner is an

indigent layperson entitled to appointment of counsel.

It is, therefore, **ORDERED** that Thomas H. Evans, Attorney at Law, be appointed to

represent Petitioner in the following described proceeding before this Court:

Petition for Writ of Habeas Corpus Ad Su'jiciendum.

It is further **ORDERED** that Petitioner be given until November 9, 2009, to file an

amended petition asserting new or additional grounds, and the Office of the Prosecuting Attorney

be given until December 9, 2009, to file its answer to the Amended petition.

The Clerk is directed to forward a copy of this Order to Sidney H. Bell, Prosecuting

Attorney; to Thomas H. Evans, counsel for Petitioner, P.O. Box 70, Oceana, West Virginia

24870; and to herein Petitioner, 1Starr Dalton, Mount Olive Correctional Complex, One

Mountainside Way, Mt. Olive, West Virginia 25185.

Enter: This ____ 6th ____ day of October 2009.

Booker T. Stephens, Chief Judge

A TRUE COPY TESTE
MICHAEL D. BROOKS CLERK
BY

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

1STARR DALTON,

PETITIONER,

VS.                          CIRCUIT COURT CIVIL ACTION NO.: 09-C-173-S
                             (Circuit Court Criminal Action No.:  99-JD-2-S)

DAVID BALLARD, WARDEN,
MOUNT OLIVE CORRECTIONAL
COMPLEX,

RESPONDENT.

## ORDER TRANSFERRING CASE

On a previous day, came the Petitioner, 1Starr Dalton, who filed a Petition for Writ of

Habeas Corpus in the above-styled case.  The Court hereby finds as follows:

1) Petitioner filed a Petition for Writ of Habeas Corpus, which the Clerk of this Court

assigned the following case number: 09-C-173-S.

2) The Court appointed counsel to represent Petitioner for the Petition for Writ of Habeas

Corpus in 09-C-173-S and entered a scheduling order in the matter.

3) The Court has since been made aware that Petitioner has filed an action in the United

States District Court, Southern District of West Virginia, naming this Court's Judge as party to

the action.

4) The action now pending in the United States District Court is styled as follows: Dalton

v. Stephens, et al., Civil Action No. 1:09-cv-01091.

5) This Court would be able to render a fair and impartial decision in the current action

despite the foregoing.

6) Despite this Court's ability to render a fair and impartial decision in the current action,

this Court finds that in order to avoid the mere appearance of impropriety, the undersigned must voluntarily recuse himself from the hearing in this matter.

THEREFORE, IT IS HEREBY ORDERED AND DECREED THAT:

1) Pursuant to West Virginia Trial Court Rule 17.02, the undersigned hereby voluntarily recuses himself from the hearing of this matter; and

2) This Court transfers this case to the Honorable Rudolph J. Murensky II.

The Clerk is directed to forward a copy of this Order to the Honorable Rudolph J. Murensky II; to Sidney H. Bell, Prosecuting Attorney; to Thomas H. Evans, counsel for Petitioner, P.O. Box 70, Oceana, West Virginia 24870; and to Petitioner, 1 Starr Dalton, Mount Olive Correctional Complex, One Mountainside Way, Mt. Olive, West Virginia 25185.

Enter:  This ___16th___ day of October 2009

_____
Booker T. Stephens, Chief Judge

A TRUE COPY TESTE
MICHAEL D. BROOKS, CLERK
BY

IN THE McDOWELL COUNTY CIRCUIT COURT

Istarr Galton
petitioner                           Civil Action NO. 09-C-173-5

                    V

David Ballard
Respondent

## MOTION TO Strike

NOW comes the petitioner, Istarr Galton, pro se,
And hereby, pursuant rule 12(f) of the W.VA.R. Civ.P.,
moves the court to strike from the record an
Amended petition for writ of habeas corpus which
Was filed by a source unknown to the petitioner
on the 15th day of January 2010. It appears that
this document is a scandalous matter derivative
of the deceitful plotting of the state. The state
seeks to pervert the record and revise and negate
the claims raised by the petitioner on his own behalf
in this matter. The petitioner has already made it
clear that he does not know of any attorney by
the name of thomas evans and has not asked
this person to file anything on his behalf in this
case. The filing of the amended petition
doesn't even describe a constitutional violation

At all and imposes a false depiction of the facts
of this case which can only war with the
petitioners request for habeas relief, this is an
instrument for which the state intends to
use as the basis for denying relief to petitioner
and justification for not granting to him his
constitutional right to an evidentiary hearing
to fully and fairly litigate his claims. The factual
allegations which petitioner seeks to have reviewed
are contained in the documents he filed in the
court pro-se. They include claims related to:
Double jeopardy; ineffective assistance of counsel;
complete denial of counsel; illegal substitution of
counsel; the Breach of plea Agreement; guilty plea
not intelligently nor voluntarily entered; unconstitutional
search and seizure; and use of perjured testimony;
use of fabricated evidence and many others. The
factual allegations of the petition and documents
filed by petitioner himself fully delienate these
claims and his entitlement to relief is predicated
thereon. That is why the states' perverse postulation
must be stricken. An evidentiary hearing must
be conducted immediately a federal lawsuite will
be filed to prevent the frauds being practiced by
this court and it's state agents.

Feb 2, 2010



# THOMAS H. EVANS, III
## ATTORNEY AT LAW

July 15, 2010

Francine Spencer
McDowell County Circuit Clerk
90 Wyoming Street, Suite 201
Welch, WV 24801

**In re:**     **Civil Action No. 09-C-173**
              **McDowell County, West Virginia**

Dear Clerk:

    Please find enclosed for filing a "Notice of Hearing" in the above captioned

matter.

    Please contact my office with any questions or concerns.

Sincerely,

Thomas H. Evans, III

Enclosure

Route 10, Cook Parkway | P.O. Box 70

Oceana, West Virginia 24870

304.682.8720 phone |304.682.8735 fax

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

1STARR DALTON,

Petitioner,

VS.

CIVIL ACTION NO. 09-C-173
CRIMINAL ACTION NO. 99-JD-2-S

DAVID BALLARD, WARDEN,
MOUNT OLIVE CORRECTIONAL
COMPLEX,

Respondent.

## NOTICE OF HEARING

Please take notice that an **OMNIBUS HEARING** concerning the above civil action above has been scheduled before the Honorable Rudolph Murensky, Judge of the Circuit Court of McDowell County, West Virginia, for **Friday, August 20, 2010, at 9:30 o'clock a.m.** or as soon thereafter as this matter may be heard, at the McDowell County Circuit Court, Welch, McDowell County, West Virginia, at which time you may be present to protect your interests herein, if you so desire.

**1STARR DALTON**
**By Counsel**

Thomas H. Evans, III (WVSB #9967)
THOMAS HANNA EVANS, PLLC
P.O. Box 70
Oceana, West Virginia 24870
304-682-8720

Thomas Hanna Evans, PLLC
Attorney at Law
Route 10, Cook Parkway
P.O. Box 70
Oceana, WV 24870
304-682-8720

-1-

## CERIFICATE OF SERVICE

·I, Thomas H. Evans, III, do hereby certify that I have on this 15th day of July, 2010,

by U.S. First Class Mail postage pre-paid, facsimile, or personally served a true and accurate

copy of the above "**NOTICE OF HEARING**" upon the following:


Sidney Bell, Esq.
McDowell County Prosecuting Attorney
93 Wyoming Street
Welch, West Virginia 24801

1Starr Dalton, DOC #30709-2
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, West Virginia 25185




Thomas H. Evans, III
*Counsel for Petitioner*


Thomas Hanna Evans, PLLC
Attorney at Law
Route 10, Cook Parkway
P.O. Box 70
Oceana, WV 24870
304-682-8720

IN THE CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

1STARR DALTON,

                        Petitioner,

vs.                               **CIVIL ACTION NO. 09-C-173-S**
                                    **CRIMINAL ACTION NO. 99-JD-2-S**

DAVID BALLARD, WARDEN,
MOUNT OLIVE CORRECTIONAL
COMPLEX,

                        Respondent.

### NOTICE OF HEARING

    Please take notice that an **OMNIBUS HEARING** concerning the above civil action

above has been scheduled before the Honorable Rudolph Murensky, Judge of the Circuit

Court of McDowell County, West Virginia, for **Friday, October 1, 2010 at 1:30 a.m.** or as

soon thereafter as this matter may be heard, at the McDowell County Circuit Court, Welch,

McDowell County, West Virginia, at which time you may be present to protect your

interests herein, if you so desire.

                                                **1STARR DALTON,**
                                              **By Counsel**

Thomas H. Evans, III (WVSB # 9967)
THOMAS HANNA EVANS, PLLC
P.O. Box 70
Oceana, West Virginia 24870
304-682-8720 – phone

Thomas Hanna Evans, PLLC
Attorney at Law
Route 10, Cook Parkway
P.O. Box 70
Oceana, WV 24870
304-682-8720

## CERTIFICATE OF SERVICE

I, Thomas H. Evans, III, do hereby certify that I have on this 13th day of September, 2010, by U.S. First Class Mail postage pre-paid, facsimile, or personally served a true and accurate copy of the above **"NOTICE OF HEARING"** upon the following:

Judge Rudolph J. Murensky, II
McDowell County Circuit Court
P.O. Box 768
Welch, West Virginia 24801

Sidney Bell, Esq.
McDowell County Prosecuting Attorney
93 Wyoming Street
Welch, West Virginia 24801

1Starr Dalton, DOC #30709-2
Mt. Olive Correctional Complex
1 Mountainside Way
Mt. Olive, West Virginia 25185

Thomas H. Evans, III
*Counsel for Petitioner*

Thomas Hanna Evans, PLLC
Attorney at Law
Route 10, Cook Parkway
P.O. Box 70
Oceana, WV 24870
304-682-8720

MEMORANDUM

Sep 12, 2010

TO: Clerk, Francine Spencer

CASE NO: 09-C-173

From: Istarr Alton

Dear madam,
                enclosed is a motion for default
judgment to be filed in the court immediately.
please return a court stamped copy to me
immediately thereafter.

Please be advised that any violation of clearly
established law will result in federal indictment.
I have provided the court with fair warning
of criminal liability as is required by the U.S.
supreme court under U.S. V Lanier 520 U.S. 259,
137 L.Ed.2d. 432,117 S.Ct.1219.
you are admonished that the U.S. department of
justice has been provided copies of transcripts,
plea agreement and all pertinent documents
related to this case and they have been asked
to monitor this situation. The court has also
been warned that thomas evans has given incri-
minating statement against judge murensky. The
court cannot allege to be surprised by anything
that may follow as it pertains to the legal ⟶

MEMORANDUM    Sep 12, 2010

TO: Clerk of court, and judge rudolph murensky

From: ~~1starr~~ Aalton

CC: Joseph cicarelli.   IN RE:    CASE NO: 09-C-173
      eric holder.      ~~1starr~~ Aalton
                              V
          David Ballard

     Request for default judgment
        under rule 55 of W.VA.R.Civ.P.

Now comes the petitioner, ~~1starr~~ Aalton, pro-se, And
hereby moves this court in the spirit of justice to
grant this request for default judgment and immediately
effectuate the relense of petitioner. wherefore, petit-
ioner is entitled to have such judgment entered in
his favor and if the court truculently refuses this
request it will have violated clearly established law
And subjected ~~its~~ judicial capacity to criminal liability
under both state and federal law.
  To give further strength and validity to that
   argument the petitioner offers the following
    factual and legalistic postulation:

On the 15th day of September 2009, petitioner filed a petition for writ of habeas corpus in the McDowell county circuit court.

On the 9th day of october 2009, judge Booker T. Stephens entered an order appointing counsel to petitioner (petitioner did not request appointment of this white devil) and ordering that the state file an answer to petitioners habeas petition before December 9, 2009.

On the 16th day of october 2009, judge stephens disqualified himself from the proceeding and trans- ferred the case to judge rudolph murensky.

On the 17th day of November the rogue attorney, to-wit, thomas evans, requested that the court extend the time that the state had to file a response until february 16, 2010.

Shortly thereafter, petitioner filed a motion to strike the scandalous document filed by the rogue attorney and explicity made known therein that the said attorney had not consulted him before filing the document and that he does not need any white devil misrepresenting him and filing documents that adversely effect him.

The time for the state to file an answer has long passed and it has not filed any answer because the prosecutors know that they will be compelled to admit to acts of criminal connivance. regardless, because no answer has been filed petitioner is entitled to default judgment.

rogue attorney thomas evans. has continued his attempts to decieve. petitioner with claims that judge murensky has relegated to him special powers to set dates for hearings. he has twice falsely claimed that hearings in this case were sceleduled but no hearing has ever been held and no order thereto has been entered by the court. he is engaging this deception hoping that petitioner will refrain from his pursuit of justice and be forced to sit in prison longer as a result.

The court is hereby admonished that the offices of attorney generals. eric holder, and joseph cicarelli have been contacted and if the court is engaged in any misfeasant act with thomas evans indictments will be issued.
Furthermore, the court is admonished that if it enters an order violating clearly established law at any time hereafter that too will be prosecuted.

Sep 12, 2010

1    You'll be given credit for all time previously served in

2  connection with this charge, and he will be assessed the costs of the

3  prosecution of this case.

4    Mr. Bell, Mr. Barie, prepare the order. That will be all.

5    (Off record at 10:31 a.m.)

6    (Back on record at 12:04 p.m. with Prosecuting Attorney

7  Sidney Bell and McDowell County Assistant Public Defender Jerry

8  Lyalls, counsel for the Defendant, the Defendant thereby being

9  present.)

10    THE COURT:  We're back on the matter of the State of West

11  Virginia versus 1 Starr Dalton, 99-IF-51-S. This morning, I executed

12  the sentence in this case to be a determinate sentence of eight

13  years. Did you look at something, Mr. Bell, that you want to bring to

14  my attention?

15    MR. BELL:  Yes, Your Honor. I didn't participate in the

16  proceedings at that stage, and when I got back to dictate the order

17  to our secretary, it stuck in my mind that the sentence for non-

18  aggravated would be an indeterminate sentence of not less than five

19  nor more than eighteen. I went back and looked at the plea

20  agreement and notes from the plea hearing, and counsel for both the

21  State and the Defendant represented to the Court that the State was

22  recommending a flat sentence of eight years, and I believe under the

23  law, that wouldn't be appropriate or proper. I brought the statute

24  with me, Your Honor.

1     THE COURT:   Yes, I remember that in the plea agreement

2  that--

3     MR. BELL:   (Interposing) It, specifically, stated in there that

4  the State recommended a sentence of eight years.

5     THE COURT:   Mr. Lyalls, are you-- do you understand what

6  the State is saying?

7     MR. LYALLS:   Yes, I have explained to the client.

8     THE COURT:   All right.  Do we need-- We need to make a

9  corrective-- a corrective sentence, and I don't know what this gets

10  us into, but this-- I'm going to correct the sentence here, but I am,

11  also, going to point out that I'm sure that Mr. Dalton when he

12  entered his plea relied on the representations in the plea agreement

13  which he and his lawyer-- I mean, the State's lawyer and his lawyer

14  recommends that it was a recommended determinate sentence, as I

15  remember, for eight years.  I'm going to correct that sentencing.

16     You-- Mr. Lyalls, you might discuss this with Mr. Anderson to

17  see whether or not you want to file anything additional after I correct

18  the sentence because I'm sure he relied on the eight-year sentence.

19  Okay?  And it could be that he might want to withdraw his plea or go

20  to trial or whatever.  I'm not going to suggest anything, but I am

21  going to make the point that I'm sure he relied on the

22  representations in the plea agreement, but I'm going to correct this

23  sentence to sentence this Defendant to not less than-- an

24  indeterminate period of not less than five years nor more than

1   eighteen years should be the sentence in this case, and I'm going to

2   order that that be the sentence.

3       You will still get credit for all time previously served in

4   connection with this charge, and you will be assessed the cost of the

5   prosecution of this case.  You will now be remanded-- Based on

6   being returned from the Anthony Center as unfit, you will now be

7   remanded into the Commissioner-- to the Commissioner of the

8   Department of Corrections and his Warden to determine what facility

9   they wish to place you in, but you're sentenced to the penitentiary

10  for not less than five nor more than eighteen years.

11      Prepare the order.  That will be all.

12      MR. BELL:  I will, Your Honor.  Thank you.

13

14      (At 12:08 p.m., these proceedings were adjourned.)

15

16

17

18

19

20

21

22

23

24

16

99-IF-51-S                    REPORTER'S CERTIFICATE

STATE OF WEST VIRGINIA

COUNTY OF MCDOWELL, to-wit:

  I, Janet L. Murphy, Official Court Reporter for Circuit Court "A" in Welch, McDowell County, West Virginia, do hereby certify that the foregoing is a true and accurate transcript of proceedings had before the Court on the 12th day of June, 2002 held before the aforementioned Judge concerning the above-styled case.

  I, further, certify that said proceedings were reported by me, both verbatim and mechanically, and have been transcribed in conformity with West Virginia Code §51-7-4 (1990).

  Given under my hand this the 20th day of June, 2005.

  My commission expires on the 13th day of September, 2009.



JANET L. MURPHY, OFFICIAL
COURT REPORTER

(SEAL)

OFFICIAL SEAL
NOTARY PUBLIC, STATE OF WEST VIRGINIA
JANET L. MURPHY
90 LAKE DRIVE
WELCH, WV 24801
My Commission Expires September 13, 2009