IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **1STARR DALTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10-1259 |
| | ) | |
| **RUDOLPH J. MURENSKY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On October 27, 2010, Plaintiff filed a Complaint naming McDowell County Circuit Judges Rudolph Murensky and Booker Stephens and attorney Thomas Evans as Defendants and charging pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 that Defendants have violated his constitutional rights by engaging "in a conspiracy to insulate plaintiff's false imprisonment from judicial review and thereby facilitate his false imprisonment." (Document No. 1.)[1] Plaintiff claims that he filed a Petition for *habeas corpus* relief in the McDowell County Circuit Court on September 1, 2009, and on October 9, 2009, Judge Stephens appointed counsel[2] and entered an Order requiring that the State of West Virginia file a response to Plaintiff's Complaint by December 9, 2009, showing cause why *habeas* relief should not be granted. Plaintiff states that on October 16, 2009, Judge Stephens

---

[1] Plaintiff filed a Memorandum along with his Complaint requesting "to proceed in forma pauperis, wherefore I am indigent and unable to pay fees." (Document No. 2.)

[2] Plaintiff attached a copy of Judge Stephens' October 9, 2009, Order Appointing Counsel to his Complaint. The Order indicates that Judge Stephens appointed Attorney Evans to represent Plaintiff in the *habeas corpus* proceeding and ordered that Plaintiff "be given until November 9, 2009, to file an amended petition asserting new or additional grounds, and the Office of the Prosecuting Attorney be given until December 9, 2009, to file its answer to the Amended Petition."

recused himself and transferred the case to Judge Murensky.[3] Judge Murensky, Plaintiff states, extended the deadline by which the State was required to file a response to his Complaint to February 16, 2010. Plaintiff states that the State did not file a response by that date, however, and on February 17 and September 12, 2010, Plaintiff filed Motions for Default Judgment.[4] Plaintiff states that he also filed Petitions for *mandamus* relief "to compel the court to . . . grant his motion for default judgment, order a hearing be held or simply grant the writ and release plaintiff from custody." Plaintiff states that when he filed Petitions for *mandamus* relief, Attorney Evans "submit[ted] bogus letters claiming that Judge Murensky has scheduled a hearing."[5] Then, Plaintiff states, no hearing was held. Plaintiff states that Attorney Evans also "tried to file an amended petition in which to revise plaintiff's claims so that his petition would not state a constitutional claim." Plaintiff states that he filed a Motion to Strike Attorney Evans' Amended Petition.[6] Plaintiff accuses Defendants of refusing to proceed in his *habeas* case because they obtained his underlying conviction illegally by promising him an eight year sentence in exchange for his plea of guilty and then increasing his sentence to 5 - 18 years.[7] Plaintiff states that "[t]he defendants had been

---

[3] Plaintiff attached a copy of Judge Stephens' October 16, 2009, Order Transferring Case to his Complaint.

[4] Petitioner attached a copy of his September 12, 2010, Request for Default Judgment to his Complaint.

[5] Plaintiff attached to his Complaint a copy of two Notices of Hearing submitted by Attorney Evans indicating that hearings were scheduled before Judge Murensky on August 20 and October 1, 2010.

[6] Plaintiff attached a copy of his February 2, 2010, Motion to Strike to his Complaint.

[7] Plaintiff attached to his Complaint a copy of a portion of a transcript of the June 12, 2002, Court proceeding during which the Circuit Court changed Plaintiff's sentence from eight years in prison, which Plaintiff understood from agreements reached in his plea negotiations would be his sentence, to 5 - 18 years in prison. The transcript indicates that in the morning of June 12, 2002, the

insulating the case from review because many of the frauds they practiced carr legal consequences. Plaintiff was wilfully subject to double jeopardy and flagrant due process of law violations." Plaintiff requests that the District Court "order Judge Murensky to comply with due process of law and grant plaintiff's petition for habeas corpus; or hold a hearing in habeas corpus whereas plaintiff is entitled to this declaratory and injunctive relief."

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 -328, 109 S.Ct. at 1833. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of

---

Circuit Court sentenced Plaintiff to a determinate sentence of eight years. That afternoon, the Circuit Court "corrected" Plaintiff's sentence by sentencing him to an indeterminate term of 5 - 18 years in prison. Recognizing that Plaintiff understood that his sentence would be eight years in prison when he agreed to plead guilty, the Circuit Court stated in "correcting" his sentence to 5 - 18 years in prison that Plaintiff "might want to withdraw his plea or go to trial or whatever." Notwithstanding the Circuit Court's observation, it is not evident in this matter (and it has not been evident in other actions which Plaintiff has filed in this Court (*See Dalton v. Stephens, et al.*, Civil Action No. 1:09-1091, Document No. 15, p. 2 at fn. 2.)) that Plaintiff moved to withdraw his guilty plea.

3

abusive and repetitious lawsuits or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988). A complaint fails to state a claim upon which relief can be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

## **DISCUSSION**

Having examined the documents which Plaintiff has filed in this matter and considered Plaintiff's claims and the District Court's ruling in other case which Plaintiff has filed in this Court, the undersigned finds that Plaintiff raises essentially the same claims in this matter as he raised in other matters which have been dismissed and concludes that Plaintiff's allegations in this matter are frivolous and fail to state any claim for which relief can be granted.

In Dalton v. McBride, Civil Action No. 1:07-0074, a 28 U.S.C. § 2254 proceeding, Plaintiff raised issues arising from his June 22, 2002, re-sentencing. The undersigned determined that Plaintiff's Section 2254 Petition was filed beyond the 28 U.S.C. § 2244(d) 1-year period of limitation and no circumstances justified equitable tolling and recommended that the matter be dismissed. (Id., Document No. 6.) Plaintiff objected. By Memorandum Opinion, the District Court adopted the undersigned's findings and recommendation and dismissed the matter. (Id., Document No. 11.) Plaintiff appealed, and his appeal was dismissed. Dalton v. McBride, 251 Fed.Appx 824, 2007 WL 3095465 (C.A.4 (W.Va.)). More recently, in Dalton v. Stephens, *et al.*, Civil Action No. 1:09-1091, and Dalton v. Stephens, et al., 2:09-1332, Plaintiff requested that the District Court order the Circuit Court of McDowell County to conduct an *omnibus habeas corpus* hearing. In both cases, the United States Magistrate Judge determined that "[t]he current complaint is essentially an attempt to attack [Plaintiff's] state habeas corpus proceedings and to obtain a hearing." Thus, it appears that the Magistrate Judge regarded Plaintiff's claims as falling under Section 2254. The Magistrate Judge

stated that "[v]iolations of State law and procedure which do not infringe specific federal constitutional protections are not cognizable under section 2254." The Magistrate Judge concluded that both cases should be dismissed as legally frivolous. Additionally, citing the doctrines of *res judicata* and judicial immunity, the Magistrate Judge concluded that the cases should be dismissed for failing to state a claim for which relief could be granted. The District Court accepted the Magistrate Judge's recommendations in both cases.

In this case, Plaintiff is requesting that the District Court intervene in his State *habeas corpus* proceeding in which he again challenges collaterally the Circuit Court's June 12, 2002, change of his sentence and requests that the District Court require the Circuit Court to hold an *omnibus habeas corpus* hearing.[8] "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83, 104 S.Ct. 378, 382, 78 L.Ed.2d 187 (1983). This Court's consideration of Plaintiff's requests in this case is foreclosed, however, by operation of the doctrines of *res judicata* and judicial immunity, and intervention in the McDowell County Circuit Court *habeas* proceeding is not warranted because it is not evident that those proceedings involve "wrongs of a constitutional dimension."

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's request to proceed in forma pauperis (Document No. 2.),

---

[8] Plaintiff requested *habeas* relief in the Circuit Court twice before in September, 2004, and January, 2006, challenging the propriety of the Circuit Court's June 12, 2002, "correction" of his sentence. *See Dalton v. McBride*, Civil Action No. 1:07-0074, Document No. 6 (Proposed Findings and Recommendation) at p. 3 and Exhibit A attached thereto, Judge Stephens December 21, 2004, Order Denying Petition for Writ of Habeas Corpus.

**DISMISS** this matter and **REMOVE** it from the Court's docket.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff who is acting *pro se*.

Date: April 18, 2011.

R. Clarke VanDervort
United States Magistrate Judge